IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NEHEMIAH DEON BELSER,** <br> **AIS 309033,** <br><br> Plaintiff, <br><br> v. <br><br> **OFFICER MIYON LANDRUM, et al.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:20-cv-989-RAH-CWB <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Nehemiah Belser, acting *pro se*, commenced this action on December 3, 2020 using a standard form for filing actions under 42 U.S.C. § 1983. (Doc. 1). On December 22, 2020, the court entered an Order of Procedure directing Defendants to file an Answer and Special Report. (Doc. 6). The Order of Procedure also directed Plaintiff to promptly inform the court of any change in address and warned Plaintiff that failure to do so would result in a dismissal of the action. (*Id.* at pp. 2–3, ¶ 6). The docket reflects that the Order of Procedure was received by Plaintiff.

It was recently determined that Plaintiff is no longer residing at the service address on record.[1] Accordingly, by Order entered December 6, 2022, Plaintiff was directed to notify the court of his current address or show cause why this action should not be dismissed. (Doc. 22). The December 6, 2022 Order specifically informed Plaintiff that the administration of this action could not proceed if his whereabouts remained unknown and cautioned Plaintiff that an going failure to respond would result in dismissal. (*Id.*). No response has yet been received.

---

[1] The last service address provided by Plaintiff was the Donaldson Correctional Facility. (Doc. 21). However, a search of the inmate database maintained by the Alabama Department of Corrections reflects that Plaintiff is no longer in custody of the state prison system. *See* http://doc.state.al.us/InmateSearch (last visited January 6, 2023).

1

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *see also Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id. See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that, where a litigant has been forewarned, dismissal for failure to obey a court order generally is not an abuse of discretion.).

Considering Plaintiff's willful failure to abide by the court's prior Orders, the undersigned finds that any sanction lesser than dismissal would not be appropriate in this instance. The undersigned therefore **RECOMMENDS** that this case be dismissed without prejudice.

Any party may file written objections to this Recommendation. Such objections must be filed with the Clerk of Court not later than **February 10, 2023**, must identify every objectionable finding or recommendation, and must state the specific basis for every objection being asserted. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal the District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to

factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

DONE this the 27th day of January 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**